Kenneth W. HUNTER, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant—Appellee.

No. 06–15047.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Nov. 9, 2007 *.

Filed Nov. 14, 2007.

Harvey P. Sackett, Esq., Sackett and Associates, San Jose, CA, for Plaintiff–Appellant.

Michael A. Cabotaje, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA,** District Judge.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM ***

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

The Ninth Circuit reviews a district court's order upholding the Commissioner's final denial of benefits *de novo. Ukolov v. Barnhart,* 420 F.3d 1002, 1004 (9th Cir.2005). The Commissioner's decision must be affirmed if it was supported by substantial evidence and based on proper legal standards. *Id.*

■ Kenneth W. Hunter, the Appellant, argues that the Administrative Law Judge ("ALJ") committed reversible error by rejecting the medical opinion of Hunter's treating physician, Dr. Oba. As is required when rejecting the opinion of a treating physician, the ALJ set forth specific and legitimate reasons for finding Dr. Abdelkarim's opinion more persuasive than that of Dr. Oba. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). The ALJ explained that the record indicates that Hunter visited Dr. Oba on a single occasion, that the only objective evidence relied upon by Dr. Oba consisted of "old records, marked decreased breath sounds; scar and atrophy of right shoulder/arm with weakness," that Dr. Oba did not claim any special training in pulmonary disorders, that his opinions were unsupported by objective clinical findings, and that he appeared to base his assessment largely on Hunter's subjective complaints.

■ Hunter also argues that the ALJ committed reversible error in finding that he could work as a security guard. As part of determining whether a claimant is disabled within the meaning of the Social Security Act, an ALJ considers the claim-

ant's residual functional capacity, age, education and work experience to determine whether the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). To meet her burden, the ALJ may rely on the testimony of a vocational expert ("VE") who must identify specific jobs in the national economy that the claimant is qualified to perform. *Osenbrock v. Apfel,* 240 F.3d 1157, 1162–63 (9th Cir.2001). Here, the ALJ correctly relied upon the VE's testimony that a security guard job would accommodate Hunter's physical limitations and that 80,-000 such jobs exist in California.

Although the Dictionary of Occupational Titles ("DOT") classifies a security guard as a "semi-skilled" position, an ALJ may rely on expert testimony which is contrary to the DOT where there is persuasive evidence to support the deviation. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ here properly relied on the VE's testimony that in his experience, not all security guard jobs required extensive writing skills.

■ Finally, the ALJ correctly refused to consider whether Hunter could actually obtain work as a security guard because of his incarceration history. Under the statutory framework, an individual will be deemed disabled "only if his physical or mental ... impairments are of such severity that he is not only unable to do his previous work but cannot, *considering his age, education, and work experience,* engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether ... *he would be hired if he applied for work.*" 42 U.S.C. § 423(d)(2)(A) (emphases added). There is no support for Hunter's argument that

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his incarceration history demonstrates a lack of trustworthiness which is similar to a mental limitation. The Social Security Act is not an unemployment compensation act, but an act to compensate those who cannot work because of their medical disability. *See Sorenson v. Weinberger,* 514 F.2d 1112, 1117 (9th Cir.1975) (per curiam). Hunter's legitimate medical impairments would not prevent him from working as a security guard.

**AFFIRMED.**